**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CENTERS FOR MEDICARE & MEDICAID SERVICES | ) ) |
| Defendant. | ) ) |

**COMPLAINT EXHIBIT 3**



May 21, 2021

**VIA E-MAIL**

FOIA Officer
Centers for Medicare & Medicaid Services
FOIA Office Service Center
7500 Security Blvd
Baltimore, Maryland 21244
E-mail: FOIA_Request@cms.hhs.gov

    Re:    **Freedom of Information Act Request**

Dear FOIA Officer:

    I write on behalf of Americans for Prosperity Foundation ("AFPF"), a 501(c)(3) nonpartisan organization dedicated to educating and training Americans to be courageous advocates for the ideas, principles, and policies of a free and open society.[1]  As part of its mission to educate the public, AFPF pursues government transparency via records requests. Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, AFPF requests all records reflecting[2]:

1. CMS recovery efforts for the $143 billion of improper Medicaid payments identified in the 2019 and 2020 "Estimated Improper Payment Rates for Centers for Medicare & Medicaid Services (CMS) Programs" Fact Sheets.[3] The time period for this request item is January 1, 2019, to the present.[4]

2. CMS recovery efforts for improper payments related to erroneous eligibility determinations under Section 1903(u) of the Social Security Act. Responsive records

---

[1] *See* AMS. FOR PROSPERITY FOUND., www.americansforprosperityfoundation.org (last visited May 19, 2021).

[2] For purposes of this request, the term "record" means any medium of information storage in the form and format maintained by the agency at the time of the request.  If any portion of a "record," so defined, is responsive to AFPF's request, then the agency should process and disclose the record in its entirety.  If the agency considers a medium of information storage to contain multiple records that can be segmented on the basis of the subject-matter or scope of AFPF's request, AFPF explicitly seeks access to those separate "records" as well.  They should not be treated as "non-responsive."

[3] *See* CENTERS FOR MEDICARE & MEDICAID SERVICES, 2020 ESTIMATED IMPROPER PAYMENT RATES FOR CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS) PROGRAMS (Nov. 16, 2020), *available at* https://go.cms.gov/3bG6iAt and CENTERS FOR MEDICARE & MEDICAID SERVICES, 2019 ESTIMATED IMPROPER PAYMENT RATES FOR CENTERS FOR MEDICARE & MEDICAID SERVICES (CMS) PROGRAMS (Nov. 18, 2019), *available at* https://go.cms.gov/3bX4gfJ.

[4] For purposes of this request, the term "present" should be construed as the date on which the agency begins its search for responsive records.  *See Pub. Citizen v. Dep't of State*, 276 F.3d 634 (D.C. Cir. 2002).

Centers for Medicare & Medicaid Services
May 21, 2021
Page 2

      should include the overpayment amount and the recoveries by state and year. The time period for this request item is January 1, 2019, to the present.

3. Medicaid improper payment rates for all 50 states and the District of Columbia between 2012 and 2020.[5] The time period for this request item is January 1, 2012, to the present.

4. State Medicaid eligibility error rates for all 50 states and the District of Columbia between 2012 and 2020.[6] The time period for this request item is January 1, 2012, to the present.

5. Communications between CMS and states regarding efforts to recover Medicaid improper payments from January 1, 2019 to the present.

6. CMS's responses, and all internal and external communications regarding CMS's responses, to a March 11, 2019 letter[7] from Senators Toomey and Grassley and a December 22, 2020 letter[8] from Senator Ron Johnson regarding Medicaid improper payments and recovery efforts. The time period for this request is March 11, 2019, to January 19, 2021.

For the purposes of this request, please omit daily news clippings or other mass mailings unless there is commentary related to them. For all items of this request, if the agency uncovers responsive email records, AFPF's request specifically seeks the entirety of any email chain, any portion of which contains an individual email message responsive to this request, *i.e.*, the entire email chain is responsive. If the agency identifies responsive records that it deems outside its legal control (*e.g.*, congressional records), AFPF requests that the agency inform AFPF that such records exist.

### Request for a Public Interest Fee Waiver

AFPF requests a waiver of any and all applicable fees. The FOIA and applicable regulations provide that the agency shall furnish requested records without or at reduced charge if "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."[9]

In this case, the requested records unquestionably shed light on the "operations or activities of the government" as they relate to efforts by CMS to recover improperly spent taxpayer dollars,

---

[5] Please note that AFPF does not seek records reflecting the blended or combined rates for multiple states known as cohorts, but rather the specific improper payment rate for each state (*e.g.*, Georgia's improper payment rate is x.x%).

[6] *Id.*

[7] SENATOR PAT TOOMEY, TOOMEY, GRASSLEY SLAM 27 YEARS OF IMPROPER MEDICAID PAYMENTS (Mar. 11, 2019), *available at* https://bit.ly/33YFYO0.

[8] SENATOR RON JOHNSON, JOHNSON, SENATORS SEND LETTER TO CMS RAISING ALARM OVER GROWING MEDICAID IMPROPER PAYMENTS (Dec. 22, 2020), *available at* https://bit.ly/3f1A1pN.

[9] 5 U.S.C. § 552(a)(4)(A)(iii); *see also Cause of Action v. Fed. Trade Comm'n*, 799 F.3d 1108, 1115–19 (D.C. Cir. 2015) (discussing proper application of public-interest fee waiver test).

Centers for Medicare & Medicaid Services
May 21, 2021
Page 3

which is required by law.[10]  Responsive records will significantly contribute to public understanding because, to date, CMS has released neither improper payment rates by state nor full evidence of its attempts to recover improper payments.

AFPF intends to educate the public with the results of this FOIA request.  It has the intent and ability to make those results available to a reasonably broad public audience through various media.  Its staff has significant experience and relevant expertise; AFPF professionals will analyze responsive records, if any, use their editorial skills to turn raw materials into a distinct work, and share the resulting analysis with the public.  AFPF is a non-profit organization as defined under Section 501(c)(3) of the Internal Revenue Code, and it has no commercial interest in making this request.

### Request to Be Classified as a Representative of the News Media

In addition to a public interest fee waiver, AFPF requests that it be classified as a "representative of the news media" for fee purposes.[11]  As the D.C. Circuit has explained, the "representative of the news media" test is properly focused on the requestor, not the specific FOIA request at issue.[12]  AFPF satisfies this test because it gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience.  Although not required, AFPF gathers the news it publishes from a variety of sources.  It does not merely make raw information available to the public, but distributes distinct work product, including press releases, blog posts, reports, and other informative materials.[13]  These distinct works are distributed to the public through various online outlets, such as websites, Twitter, and Facebook.  The statutory definition of a "representative of the news media" contemplates that organizations such as AFPF, which electronically disseminate information and publications via "alternative media[,] shall be considered to be news-media entities."[14]

### Record Production and Contact Information

In an effort to facilitate document review, please provide the responsive documents in electronic form, preferably in their native format, in lieu of a paper production.  If a certain portion of responsive records can be produced more readily, AFPF requests that those records be produced first and the remaining records be produced on a rolling basis as circumstances permit.

---

[10] *See, e.g.*, 42 U.S.C. § 1396b.

[11] 38 U.S.C. § 1.561(b)(7).

[12] *See Cause of Action*, 799 F.3d at 1121.

[13] *See, e.g.*, *Government documents reveal Export-Import Bank fails to protect taxpayers ... again*, AMS. FOR PROSPERITY (Oct. 30, 2020), *available at* https://bit.ly/3hD09Jn; *NEW REPORT: Public Records Show Kansas Government Arbitrarily Chose Which Businesses Could Stay Open Amid Pandemic*, AMS. FOR PROSPERITY (July 21, 2020), *available at* https://bit.ly/3tOM5Pn; AMS. FOR PROSPERITY FOUND., GONE IN AN INSTANT: HOW INSTANT MESSAGING THREATENS THE FREEDOM OF INFORMATION ACT (Mar. 16, 2020), *available at* https://bit.ly/2zQOEKI.

[14] 5 U.S.C. § 552(a)(4)(A)(ii)(II).

Centers for Medicare & Medicaid Services
May 21, 2021
Page 4

     If you have any questions about this request, please contact me by telephone at (571) 329-4234 or by email at KSchmidt@AFPhq.org.  Thank you for your attention to this matter.

*Kevin Schmidt*
_____
KEVIN SCHMIDT
DIRECTOR OF INVESTIGATIONS