UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 21-2021 (CJN) |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, | ) ) ) ) | |
| Defendant. | ) ) | |

**ANSWER**

Defendant Centers for Medicare and Medicaid Services, by and through undersigned counsel, respectfully submits this Answer to the Complaint filed by Plaintiff Americans for Prosperity Foundation on July 27, 2021. ECF No. 1. All allegations not specifically admitted are denied.

**COMPLAINT**[1]

1. The allegations in Paragraph 1 constitute Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. With respect to the allegations in Paragraph 2, Defendant admits that it received a FOIA request from Plaintiff dated May 21, 2021 and, as of the date of the Complaint, Defendant

---

[1] Merely for ease of reference, this Answer replicates the headings in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to constitute factual allegations, those allegations are denied.

has not produced any documents, nor made a final determination regarding Plaintiff's request. The allegations in Paragraph 2 constitute Plaintiff's characterization of this action to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations. The remainder of the allegations in Paragraph 2 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

3. The allegations in Paragraph 3 constitute Plaintiff's characterization of this action to which no response if required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 constitute conclusions of law regarding jurisdiction, to which no response is required. To the extent that a response is required, Defendant admits only that this Court has jurisdiction subject to the terms and limitations of the FOIA. Defendant further avers that the statutes cited speak for themselves.

5. The allegations in this Paragraph 5 constitute conclusions of law regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this judicial district.

## PARTIES

6. The allegations in Paragraph 6 constitute Plaintiff's characterization of itself, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. The allegations in Paragraph 7 constitute conclusions of law to which no response is required. To the extent that a response is deemed to be required, Defendant respectfully refers

the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations in Paragraph 7 to the extent they are inconsistent with the referenced statute's text, meaning, or context. Defendant admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), subject to FOIA.

**FACTS**

8. The allegations in Paragraph 8 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

9. The allegations in Paragraph 9 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

10. The allegations in Paragraph 10 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

11. The allegations in Paragraph 11 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

12. The allegations in Paragraph 12 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required. To the extent that the Court

determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

13. The allegations in Paragraph 13 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

14. The allegations in Paragraph 14 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

15. The allegations in Paragraph 15 do not set forth a claim for relief or aver facts in support of a claim under FOIA to which an answer is required.  To the extent that the Court determines that the foregoing is an inadequate response, the Court should strike the allegations in this paragraph as immaterial or impertinent pursuant to Rule 12(f)(1).

16. Defendant admits that it received a FOIA request from Plaintiff dated May 21, 2021.  The remaining allegations in Paragraph 16 seek to describe or characterize Plaintiff's FOIA request, which speaks for itself.  Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

17. The allegations in Paragraph 17 seek to describe or characterize Plaintiff's May 21, 2021, FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

18. The allegations in Paragraph 18 seek to describe or characterize Plaintiff's May 21, 2021, FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

19. The allegations in Paragraph 19 seek to describe or characterize Plaintiff's May 21, 2021, FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

20. The allegations in Paragraph 20 seek to describe or characterize Plaintiff's May 21, 2021, FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

21. The allegations in Paragraph 21 seek to describe or characterize Plaintiff's May 21, 2021, FOIA request, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

22. Defendant admits that it sent an acknowledgement letter dated June 1, 2021 to Plaintiff in response to Plaintiff's FOIA request and assigned the request FOIA Case Number 052120217034.  The remaining allegations in Paragraph 22 pertain to Defendant's acknowledgement letter, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its content and denies any allegations inconsistent therewith.

23. The allegations in Paragraph 23 seek to describe or characterize Defendant's June 1, 2021 letter, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

24. The allegations in Paragraph 24 seek to describe or characterize Defendant's June 1, 2021 letter, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

25. With respect to the allegations in Paragraph 25, Defendant admits that, as of the date of the Complaint, Defendant has not produced any documents, nor made a final determination regarding Plaintiff's request. Defendant further avers that its search for records potentially responsive to Plaintiff's FOIA request is ongoing.

## Count I

26. Defendant incorporates by reference its responses to the paragraphs above.

27. The allegations in Paragraph 27 constitute conclusions of law to which no response is required. To the extent that a response is deemed to be required, Defendant respectfully refers the Court to the cited statutory provision, which speaks for itself and is the best evidence of its contents. Defendant denies the allegations in Paragraph 27 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

28. The allegations in Paragraph 28 constitute conclusions of law to which no response is required. To the extent that a response is deemed to be required, Defendant respectfully refers the Court to the cited statutory provision, which speaks for itself and is the

best evidence of its contents.  Defendant denies the allegations in Paragraph 28 to the extent they are inconsistent with the referenced statute's text, meaning, or context.

29. The allegations in Paragraph 29 constitute Plaintiff's characterization of this action and Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 29.

30. Defendant admits that, as of the date of the Complaint, Defendant has not produced any documents, nor made a final determination regarding Plaintiff's request. Defendant further avers that its search for records potentially responsive to Plaintiff's FOIA request is ongoing.  The remainder of the allegations in Paragraph 30 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the remaining allegations.

31. The allegations in Paragraph 31 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 31.

32. The allegations in Paragraph 32 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 32.

## RELIEF REQUESTED

The remaining paragraphs of the Complaint constitute Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.  Defendant hereby denies each and every allegation in the Complaint not expressly admitted or qualified above.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of the litigation.

1. The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized under FOIA.

2. Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

3. Plaintiff is not entitled to compel production of records exempt from disclosure under FOIA.

4. Defendant exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

5. Plaintiff is neither eligible for nor entitled to attorney's fees or costs.

Dated: August 27, 2021

Respectfully submitted,

CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: ___/s/ *Paul Cirino*___
PAUL CIRINO, D.C. Bar #1684555
Assistant United States Attorney
Civil Division
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530
Telephone: (202) 252-2529

              Facsimile: (202) 252-2599
              paul.cirino@usdoj.gov

              *Attorneys for Defendant*