UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>*Defendant.* | Civil Action No. 21-2021 (CJN) |

## JOINT STATUS REPORT

Pursuant to this Court's Minute Order, dated December 14, 2021, Plaintiff Americans for Prosperity Foundation and Defendant Centers for Medicare & Medicaid Services, by and through undersigned counsel, respectfully submit this Joint Status Report ("JSR"). This Freedom of Information Act ("FOIA") case involves Plaintiff's request for six categories of records relating to Defendant's efforts to recover Medicaid improper payments and state-based data on the rates of improper payments and relevant internal agency correspondence. Compl. ¶ 2 & Ex. 3, ECF No. 1.

As to categories 1 and 2, various program offices within Defendant have completed a custodian search for responsive records and released an interim production of 35 pages of responsive records. Defendant is still waiting for one final program office—the Office of Strategic Operations and Regulatory Affairs—to conduct a search. That program office is waiting on a tracking code of the rule associated with this litigation, which it needs to conduct the search. Defendant has reached out to a relevant agency employee in a different program office to inquire about obtaining that code, and will provide the code to the final program office once it becomes available, at which point that program office will conduct the search. Defendant cannot offer a

final page count on the remaining records to be produced until the final program office provides a response. Defendant aims to begin releasing any remaining records responsive to categories 1 and 2 on a rolling basis beginning February 15, 2022. If there are fewer than 500 pages of potentially responsive records, Defendant will aim to finish production in a month, otherwise the parties will negotiate a production schedule and advise the Court accordingly in the next JSR. Once production of records within categories 1 and 2 is complete, the parties will confer about whether supplemental searches are needed.

As to categories 3 and 4, Defendant has published all responsive records in its possession. Defendant has provided Plaintiff a production letter containing a detailed outline of where this information can be located. Defendant considers this letter to be a complete response to Plaintiff's request for records within categories 3 and 4. Defendant has clarified to Plaintiff that it did not collect relevant data for the years 2018 and 2020, so no responsive records for those years exist.

As to categories 5 and 6, a contractor has conducted an email search of various custodians believed to have potentially responsive records. For records in category 5, the contractor searched for emails belonging to Seema Verma, the former Administrator of Defendant, and containing (1) the term "Communications," (2) the string phrase "Medicaid improper payment," or (3) the term "recover" within three words of either the term "Communication" or the string phrase "Medicaid improper payments." For records in category 6, the contractor searched for emails belonging to Alex Aramanda, Calder Lynch, and Meredith Good-Cohen, and containing (1) the terms "Toomey" and "3/11/2019," (2) the terms "Grassley" and "3/11/2019," (3) the terms "Johnson" and "12/22/2020," or (4) the string phrase "Medicare improper payment recovery." These searches yielded over 15,000 records comprising an unknown number of pages. Moreover, the contractor aggregated records potentially within categories 5 and 6 together into a single set, rather than

providing separate sets for the two categories. Defendant thus cannot know how many of these records potentially are within category 5 and how many potentially are within category 6 without processing the records or re-running the search. Defendant has asked whether the contractor can disaggregate the set into two separate sets for records potentially within the two different categories, and is awaiting an answer. The contractor has confirmed that it can provide separate sets for the two categories, but it is not yet clear whether the contractor can disaggregate the existing set or must conduct an entirely new search. Depending on the contractor's response, the parties may agree to narrow the search by conducting targeted searches within the set(s) using additional search terms Plaintiff has provided. Once a final set of records is ready to be processed the parties will negotiate a production schedule and advise the Court accordingly in the next JSR.

Because Defendant's response to Plaintiff's FOIA request is ongoing, the parties propose that this Court direct them to file another JSR by February 28, 2022, advising the Court of the status of Defendant's response to Plaintiff's request and proposing further proceedings as set out above. A proposed order is attached.

| | |
|---|---|
| Dated: January 28, 2022 | Respectfully submitted, |
| /s/ Ryan P. Mulvey<br>RYAN P. MULVEY<br>D.C. Bar. No. 1024362<br>ERIC R. BOLINDER<br>D.C. Bar. No. 1028335<br>Americans for Prosperity Foundation<br>1310 North Courthouse Road, Suite 700<br>Arlington, VA 22201<br>(571) 444-2841<br>rmulvey@afphq.org<br>ebolinder@ afphq.org<br><br>*Attorneys for Plaintiff* | MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Acting Chief, Civil Division<br><br>By: /s/_____<br>BRADLEY G. SILVERMAN<br>D.C. Bar #1531664<br>Assistant United States Attorney<br>555 4th St. NW<br>Washington, DC 20530<br>(202) 252-2575<br>bradley.silverman@usdoj.gov<br><br>*Attorneys for the United States of America* |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>    *Plaintiff*,<br><br>  v.<br><br>CENTERS FOR MEDICARE & MEDICAID SERVICES,<br><br>    *Defendant*. | Civil Action No. 21-2021 (CJN) |

### [PROPOSED] ORDER

UPON CONSIDERATION of the parties' Joint Status Report, it is hereby

ORDERED that by February 28, 2022, the parties shall file a Joint Status Report advising the Court of the status of Defendant's response to Plaintiff's request, and proposing further proceedings.

SO ORDERED.

_____  
Dated

_____  
CARL J. NICHOLS
United States District Court Judge