IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION<br><br>*Plaintiff*,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>*Defendant*. | Civil Action No. 21-2021 (CJN) |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56 and Rule 7(h) of the Local Civil Rules of the United States District Court for the District of Columbia, Plaintiff Americans for Prosperity Foundation ("AFPF") hereby submits this statement of undisputed material facts in support of its opposition and cross-motion for summary judgment.

A. **AFPF's May 2021 FOIA Request**

1. By letter, dated May 21, 2021, AFPF submitted a FOIA request to the Centers for Medicare and Medicaid Services ("CMS") seeking access to six categories of records. Decl. of Ryan P. Mulvey ¶ 4; Mulvey Decl. Ex. 1; *see* Decl. of Hugh Gilmore ¶ 5, ECF No. 24-3.

2. Defendant acknowledged it received AFPF's FOIA request on June 1, 2021. Mulvey Decl. ¶ 10; Mulvey Decl. Ex. 2.

3. AFPF filed this lawsuit on July 27, 2021 after Defendant failed to provide a timely final response to AFPF's FOIA request. Mulvey Decl. ¶¶ 13–14.

B.  **Defendant's Processing of AFPF's FOIA Request**

4. After filing its Answer, Defendant completed initial searches for responsive records and engaged in negotiations with AFPF regarding, among other things, the universe of potentially responsive records and the timeline for production. Mulvey Decl. ¶ 16; *see* Gilmore Decl. ¶ 6.

5. While Defendant completed production of responsive records, the parties worked to narrow the issues in dispute and ultimately agreed to limit the scope of summary-judgment proceedings to a single legal question: whether Defendant had satisfied its burden under the FOIA's foreseeable-harm standard to justify non-disclosure of a single record (with attachments) under Exemption 5 and the attorney-client privilege. Mulvey Decl. ¶ 17; *see* Mulvey Decl. ¶ 31; *cf.* Gilmore Decl. ¶¶ 6–8.

C.  **The September 1990 Memorandum and Attachments**

6. The sole record at issue is a seven-page memorandum, inclusive of attachments, dated September 18, 1990 and Bates numbered CMSMar00475–81.[1] Mulvey Decl. ¶ 18; *see* Mulvey Decl. Ex. 3.

7. Of the seven pages comprising the memorandum and attachments, Defendant released two pages in full (including one blank page), redacted in part three pages, and withheld in full two pages. Mulvey Decl. ¶ 19; *cf.* Gilmore Decl. ¶ 8.

*CMSMar00475–76*

8. CMSMar00475 is a September 18, 1990 memorandum sent to David McNally, then-Director of the Office of Medicaid Management ("OMM"), by Donna Eden, an employee in

---

[1] Defendant did not produce a redacted copy of CMSMar00481 but indicated that the page—*i.e.*, page seven of the memorandum—was withheld in full. Mulvey Decl. ¶ 18 n.1; *see* Mulvey Decl. Ex. 3; *cf.* Gilmore Decl. ¶ 12.

2

the Department of Health and Human Service's ("HHS") Office of the General Counsel ("OGC"). Mulvey Decl. ¶ 20; *cf.* Gilmore Decl. ¶¶ 8 & 12.

9. CMSMar00475 memorializes OGC's response to OMM's request for "review and clearance" of a separate memorandum that "proposed giving states which are disallowance liable for fiscal year 1982 (FY 82) the opportunity to review quality control resource errors by using the lesser of the excess resource amount or the paid claims amount." Mulvey Decl. ¶ 20 (quoting Mulvey Decl. Ex. 3).

10. Defendant redacted a substantial portion of CMSMar00475 that ostensibly reflects "legal advice concerning the content of OMM's proposed memorandum." Mulvey Decl. ¶ 20; *see* Gilmore Decl. ¶ 12.

11. CMSMar00476 appears to be the reverse of the September 18, 1990 OGC memorandum. Mulvey Decl. ¶ 21.

12. Defendant released CMSMar00476 in full, but the page is effectively blank. Mulvey Decl. ¶ 21.

### CMSMar00477

13. CMSMar00477 is an attachment to the September 18, 1990 OGC memorandum that is dated July 25, 1990. Mulvey Decl. ¶ 22.

14. CMSMar00477 reflects OMM's initial request for OGC's legal review of a draft memorandum and letter. Mulvey Decl. ¶ 22; Gilmore Decl. ¶ 12.

15. Defendant released CMSMar00477 without redaction. Mulvey Decl. ¶ 22; Gilmore Decl. ¶ 12.

<em>CMSMar00478–79</em>

16. CMSMar00478–79 is the draft document for which OMM sought OGC's legal review, and it was included as an attachment to CMSMar00477.  Mulvey Decl. ¶ 23; Gilmore Decl. ¶ 12.

17. According to OMM's initial request for OGC review, this draft "explains that States which are disallowance liable for FY 1982 have the opportunity to revise resource errors by using the excess resource amount or the paid claims amount, whichever is less."  Mulvey Decl. ¶ 23 (quoting Mulvey Decl. Ex. 3).

18. Defendant redacted CMSMar00478–79 in part and only released non-substantive content.  Mulvey Decl. ¶ 23.

<em>CMSMar00480–81</em>

19. CMSMar00480–81 is a document included with the draft memorandum sent to OGC with OMM's request for legal review.  Mulvey Decl. ¶ 24.

20. Specifically, CMSMar00480–81 is a copy of "the State letter [CMS] plan[ned] to send to each State that is disallowance liable for FY 1982."  Mulvey Decl. ¶ 24 (quoting Mulvey Decl. Ex. 3).

21. Defendant withheld CMSMar00480–81 in full.  Mulvey Decl. ¶ 24; Gilmore Decl. ¶ 12.

<em>The Age of the Record</em>

22. At the time of AFPF's FOIA request, the September 1990 OGC memorandum, including all its accompanying attachments, was already more than thirty years old.  Mulvey Decl. ¶ 25.

23. The draft materials reviewed by OGC at the behest of OMM pertain to state-government Medicaid disallowance liabilities during Fiscal Year 1982. Mulvey Decl. ¶ 25.

24. Fiscal Year 1982 ended roughly forty years ago. Mulvey Decl. ¶ 25.

**CMS's Treatment of the September 1990 Memorandum and Attachments**

25. Defendant initially withheld portions of the September 1990 OGC memorandum and its attachments pursuant to Exemption 5 in conjunction with the deliberative-process privilege. Mulvey Decl. ¶ 26; Mulvey Decl. Ex. 4.

26. The use of the deliberative-process privilege to withhold the September 1990 OGC memorandum and its attachments is statutorily barred because the record is more than twenty-five years old. Mulvey Decl. ¶ 27; *see* 5 U.S.C. § 552(b)(5).

27. On or about May 31, 2022, Defendant modified its argument for the use of Exemption 5 and invoked, for the first time, the attorney-client privilege. Mulvey Decl. ¶ 28.

28. Defendant does not know the ultimate status of the draft materials sent to OGC for legal review because there is no one currently employed in the relevant program office who has personal knowledge of the deliberations or legal consultations implicated by the September 1990 OGC memorandum. Mulvey Decl. ¶ 30.

29. AFPF has stipulated that Defendant satisfied the technical requirements for its use of the attorney-client privilege to the record at issue. Mulvey Decl. ¶ 31.

30. The only issue in dispute is whether Defendant satisfied its burden under the foreseeable-harm standard to continue to withhold the September 1990 OGC memo and attachments, *i.e.*, CMSMar00000475–81. Mulvey Decl. ¶ 31.

\*    \*    \*

|  |  |
|---|---|
| Dated: December 13, 2022 | Respectfully submitted,<br><br>*/s/ Ryan P. Mulvey*<br>Ryan P. Mulvey<br>D.C. Bar No. 1024362<br>Eric R. Bolinder<br>D.C. Bar No. 1028335<br><br>AMERICANS FOR PROSPERITY FOUNDATION<br>1310 North Courthouse Road, Suite 700<br>Arlington, VA 22201<br>Telephone: (571) 444-2841<br>rmulvey@afphq.org<br>ebolinder@afphq.org<br><br>*Counsel for Plaintiff* |