IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>*Plaintiff*,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>*Defendant*. | Civil Action No. 21-2021 (CJN) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE**

Pursuant to Federal Rule of Civil Procedure 56 and Rule 7(h) of the Local Civil Rules of the United States District Court for the District of Columbia, Plaintiff Americans for Prosperity Foundation ("AFPF") hereby responds to Defendant Centers for Medicare and Medicaid Services' Statement of Material Facts Not in Genuine Dispute. *See* ECF No. 24-2. Defendant's numbered paragraphs are reproduced below, and AFPF's responses follow.

1. Section 1903(u) of the Social Security Act requires the Centers to withhold Medicaid funds from states for erroneous payments exceeding 3% of their total approved Medicaid expenditures. 42 U.S.C. § 1396b(u)(1)(A).

**Plaintiff's Response:** Defendant's recitation of Section 1903(u) of the Social Security Act is immaterial and requires no response. To the extent a response is required, the statutory language speaks for itself. AFPF respectfully directs the Court to 42 U.S.C. § 1396b(u)(1)(A) for a complete and accurate account of when Defendant, acting on behalf of the Secretary of Health and Human

1

Services, is required to withhold Medicaid funds from states with erroneous payments exceeding 3% of their total approved Medicaid expenditures.

2. Believing that the Centers "has not been diligent in meeting [this] obligation," Plaintiff Americans for Prosperity Foundation filed a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on May 21, 2021, for records falling within six broad categories relating to this concern. Compl. ¶ 8, ECF No. 1; FOIA Request, ECF No. 1-3.

**Plaintiff's Response:** AFPF admits it sent Defendant a Freedom of Information Act ("FOIA") request on May 21, 2021. AFPF respectfully refers the Court to Exhibit 3 of the Complaint for a complete and accurate statement of the contents of AFPF's request. *See* Compl. Ex. 3, ECF No. 1-3.

Defendant's characterization of AFPF's motivation for filing its May 21, 2021 FOIA request is immaterial and does not require a response. To the extent a response is required, AFPF admits it believes "CMS has not been diligent in meeting its obligation to recover money improperly sent to states to reimburse the federal government for ineligible Medicaid expenses," at least in recent years. Compl. ¶ 8, ECF No. 1.

3. On July 27, 2021, the Foundation filed this action. Compl. ¶ 30.

**Plaintiff's Response:** Undisputed.

4. The Centers' search for records responsive to the Foundations' request initially yielded over 15,000 potentially responsive records. Joint Status Rep., ECF No. 14.

**Plaintiff's Response:** Undisputed but immaterial. AFPF does not challenge the adequacy of Defendant's search for responsive records. *See* Decl. of Ryan P. Mulvey ¶ 17; *see also* Decl. of Hugh Gilmore ¶ 6, ECF No. 24-3.

5. Over several months, the parties conferred to ensure that an adequate search was conducted and that all responsive, non-exempt records were produced, in hope of "narrow[ing] the scope of their dispute to the greatest degree possible." Joint Status Rep., ECF No. 21.

**Plaintiff's Response:** Undisputed that the parties conferred over several months in a joint effort to narrow the scope of legal issues in dispute. *See* Mulvey Decl. ¶ 17.

6. The only three records remaining in dispute relate to an agency official's request for, and an agency attorney's provision of, legal advice concerning a contemplated agency action.

**Plaintiff's Response:** AFPF disputes Defendant's characterization of the record in dispute as "three records." In fact, it is a single record comprised of a cover memorandum and three attachments. *See* Mulvey Decl. ¶¶ 18, 20–24; Mulvey Decl. Ex. 3; *see also* Gilmore Decl. ¶ 8 ("The parties could not reach an agreement concerning one document[.]").

AFPF otherwise does not dispute, for the purpose of the instant proceedings, that these materials reflect an agency official's request for legal review and the agency attorney's provision of the same. Insofar as Defendant intends to imply any legal conclusion from its description of the record, that conclusion requires no response. To the extent a response is required, AFPF disputes that a record reflecting the solicitation or provision of legal advice is categorically exempt from disclosure under the FOIA considering an agency's added burden under the foreseeable-harm standard. *See* 5 U.S.C. § 552(a)(8)(A)(i)(I).

7. The first record remaining in dispute is a two-page draft memorandum titled "Revised State Findings on Fiscal Year 1982 Disallowances," for which the Director of the Centers' Office of Medicaid Management had sought legal advice and clearance from the Centers' Office of the General Counsel. Decl. of Hugh Gilmore ¶¶ 8, 12.

**Plaintiff's Response:** AFPF disputes that the various attachments to the September 18, 1990 memorandum constitute distinct and separate "records." *See* Mulvey Decl. ¶¶ 18, 20–24; Mulvey Decl. Ex. 3; *see also* Gilmore Decl. ¶ 8. AFPF admits CMSMar00478–79 comprise a two-page draft memorandum, but that document is titled "Revised State Findings on Michel II Fiscal Year (FY) 1982 Disallowances—ACTION." *See* Mulvey Decl. Ex. 3. AFPF admits the Director of the Office of Medicaid Management sought legal advice and clearance of the draft from the Office of General Counsel, as reflected in CMSMar00477. *See, e.g.*, Mulvey Decl. ¶ 22.

8. The second record remaining in dispute is a two-page attachment to the draft memorandum. *Id.* ¶ 12.

**Plaintiff's Response:** AFPF disputes that the various attachments to the September 18, 1990 memorandum constitute distinct and separate "records." *See* Mulvey Decl. ¶¶ 18, 20–24; Mulvey Decl. Ex. 3; *see also* Gilmore Decl. ¶ 8. AFPF admits CMSMar00480–81 comprise a two-page attachment to the draft memorandum sent to the Office of General Counsel for legal review. Specifically, the attachment is a copy of a letter that Defendant planned to send to States that were "disallowance liable for FY 1982." Mulvey Decl. ¶ 24 (citing Mulvey Decl. Ex. 3).

9. The third record remaining in dispute is a one-page memorandum, dated September 18, 1990 from the Office of the General Counsel to the Director offering opinions on the Centers' legal authority to take certain actions that the draft memorandum contemplated. *Id.* ¶¶ 8, 11-13.

**Plaintiff's Response:** AFPF disputes that the various attachments to the September 18, 1990 memorandum constitute distinct and separate "records." *See* Mulvey Decl. ¶¶ 18, 20–24; Mulvey Decl. Ex. 3; *see also* Gilmore Decl. ¶ 8. AFPF admits CMSMar00475 reflects the Office of the General Counsel's opinions on the draft memorandum submitted for legal review. *See* Mulvey Decl. ¶ 20.

10. All withholdings were made under FOIA Exemption 5, based on the attorney-client privilege. *Id.* ¶¶ 8-9, 11-13.

**Plaintiff's Response:** Undisputed that Defendant now relies on the attorney-client privilege to justify its withholdings. Defendant initially based its withholding solely on the deliberative-process privilege but modified its position after AFPF advised the agency that use of the privilege was barred by the FOIA's Exemption 5 "sunset" provision. Mulvey Decl. ¶¶ 26–28.

11. The Centers produced in full the Director's request for review and clearance of the draft memorandum. *Id.* ¶ 12.

**Plaintiff's Response:** Undisputed. For the sake of clarity, AFPF notes that Defendant refers here to CMSMar00477. *See* Mulvey Decl. ¶ 22.

\* \* \*

Dated: December 13, 2022

Respectfully submitted,

<u>/s/ Ryan P. Mulvey</u>
Ryan P. Mulvey
D.C. Bar No. 1024362
Eric R. Bolinder
D.C. Bar No. 1028335

AMERICANS FOR PROSPERITY
FOUNDAITON
1310 North Courthouse Road, Suite 700
Arlington, VA 22201
Telephone: (571) 444-2841
rmulvey@afphq.org
ebolinder@afphq.org

*Counsel for Plaintiff*