UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>Defendant. | Civil Action No. 21-2021 |

## SUPPLEMENTAL DECLARATION OF HUGH GILMORE

I, Hugh Gilmore, declare as follows:

1. I am the Director of the Freedom of Information Group ("FOIA Group"), Office of Strategic Operations and Regulatory Affairs, Centers for Medicare & Medicaid Services ("CMS"), U.S. Department of Health and Human Services ("HHS" or "the Department"). In this capacity, I am the Freedom of Information Officer for CMS. I make this supplemental declaration based upon my personal knowledge and information available to me in my official capacity. I have reviewed all documents at issue in the above-captioned litigation.

2. The purpose of this supplemental declaration is to provide further information concerning CMS' withholding of information under FOIA Exemption (b)(5) [1] from the document identified as Bates stamped pages CMS MAR 00475-00480, and described as a September 18, 1990, Memorandum from the Office of the General Counsel (OGC) to the Director, Office of Medicaid Management regarding CMS' requested review and clearance of

---

[1] 5 U.S.C. § 552(b)(5).

the Revised State Findings on Fiscal Year 1982 Disallowances, to include a draft memorandum which is the subject of the clearance.

3. As I previously stated in my first Declaration dated November 14, 2022 (ECF No. 24-3), CMS considers the withheld material to be confidential communications between the OGC agency attorneys and CMS related to legal matters for which CMS sought professional legal assistance and services, to include opinions given by the OGC regarding the subject matter. The withheld materials consist of communication that concerns the basis of CMS' legal authority to take certain actions, and the underlying memorandum as to which CMS sought legal advice. Here, given the contents of the withheld materials and the information about them that CMS has already made public, it would be difficult if not impossible to describe the withheld materials in greater detail without effectively disclosing their contents, which would obviate the attorney-client privilege's purpose. Therefore, these materials are exempt under FOIA Exemption (b)(5) [2] as attorney-client privileged information.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my information and belief, 28 U.S.C. § 1746. Executed this 13th day of January 2023.

                                                                                         _____

                                                                                         Hugh Gilmore

---

[2] 5 U.S.C. § 552(b)(5).