UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>                *Plaintiff*,<br><br>    v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>                *Defendant*. | Civil Action No. 21-2021 (CJN) |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Centers for Medicare and Medicaid Services, by and through the undersigned counsel, respectfully notifies this Court of Judge Cobb's recent decision in *Friends of the River v. Army Corps of Engineers*, Civ. A. No. 16-2327 (JMC), 2023 WL 4105168 (D.D.C. June 21, 2023). There, Judge Cobb concluded that in the attorney-client privilege context, "establishing that [the] privilege[ ] appl[ies] will go a long way towards satisfying th[e] burden" to show foreseeable harm. *Id.* at *5 (internal quotation marks omitted). Stressing the privilege's "prominent and sacrosanct nature," the Court reasoned that "an agency may not need to provide as much information to satisfy the foreseeable harm requirement" under the attorney-client privilege as under the deliberative process privilege, explaining that "the risk of harm through disclosure is more self-evident and the potential for agency overuse is [more] attenuated." *Id.* (internal quotation marks omitted).

Applying these principles, Judge Cobb concluded that an agency had satisfied its burden to show that releasing records withheld under the attorney-client privilege foreseeably would harm interests that the privilege protects. *Friends of the River*, 2023 WL 4105168, at *8. Although the agency had not provided any "specific explanations of the foreseeable harm associated with each

record," Judge Cobb nonetheless concluded that the agency had satisfied its burden through its statements that (1) "[i]f the documents protected by the attorney-client privilege are released, such release would foreseeably harm the attorney-client privilege by disclosure either directly or by implication, of information which a client has previously confided to the attorney's trust;" (2) "the ability to seek and obtain candid legal advice via email would be harmed by the release of such emails;" and (3) "the ability to seek and obtain candid legal advice via the review of and comment on draft documents would be harmed by the release of such records." *Id.* (cleaned up). Although the agency had also explained that releasing the records at issue might cause "even more concrete harm" in ongoing litigation, that fact was not essential to Judge Cobb's conclusion that the agency had shown foreseeable harm. *Id.* To the contrary, she explained that "[t]aken together, the [general] statement[s] . . . are more concrete than those that passed muster in *Reporters Committee*." *Id.*

With this decision, Judge Cobb adds her voice to the growing chorus of judges in this district who have recognized that an agency's burden to demonstrate foreseeable harm in the context of privileged attorney-client communications is low. For these reasons, *Friends of the River* supports Defendant's position that "[b]ecause the harm that breach of the attorney-client privilege causes is self-evident, an agency typically needs to show little to satisfy the foreseeable harm requirement." Def.'s Mem. at 8, ECF No. 24-1.

\*   \*   \*

Dated: August 7, 2023

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/
    BRADLEY G. SILVERMAN
    D.C. Bar #1531664
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-2575
    bradley.silverman@usdoj.gov

*Attorneys for the United States of America*