IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION, | ) ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Civil Action No. 21-2021 (CJN) |
| CENTERS FOR MEDICARE AND MEDICAID SERVICES, | ) ORAL HEARING SCHEDULED ) FOR AUGUST 9, 2023 ) |
| *Defendant*. | ) ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Americans for Prosperity Foundation ("AFPF") hereby respectfully responds to the Notice of Supplemental Authority filed by Defendant Centers for Medicare and Medicaid Services ("CMS"). ECF No. 34. That notice points to Judge Cobb's recent decision in *Friends of the River v. Army Corps of Engineers*, No. 16-2327, 2023 WL 4105168 (D.D.C. June 21, 2023). The Court should not treat *Friends of the River* as an especially persuasive authority.

Although CMS is quick to highlight Judge Cobb's suggestion that an agency's satisfaction of the technical requirements for Exemption 5 and the attorney-client privilege will "'go a long way' towards satisfying" the foreseeable-harm standard, 2023 WL 4105168 at *5 (citing *Reporters Comm. for Freedom of the Press v. Customs & Border Prot.*, 567 F. Supp. 3d 97, 120 (D.D.C. 2021)), Judge Cobb also noted that application of the foreseeable-harm standard to the attorney-client privilege "remains largely undefined." *Id.* Indeed, "neither the Supreme Court nor the D.C. Circuit have issued authoritative decisions." Mem. of P. & A. in Opp'n to Def.'s Mot. for Summ. J. & in Supp. of Pl.'s Cross-Mot. for Summ. J. at 16 [hereinafter, "Pl.'s Br."], ECF No. 25-1.

In the absence of binding precedent, decisions like *Friends of the River*—and *Reporters Committee for Freedom of the Press v. Customs & Border Protection* on which it exclusively relies—are only valuable insofar as they are persuasive. But many of these cases are ultimately problematic because they depend on an atextual reading of the FOIA and a mischaracterization of the relevant legislative history. They also tend to rely on dicta, only indirectly address the foreseeable-harm standard, or provide conclusory analysis of issues that are rarely, if ever, briefed as comprehensively as by the parties in this case. *See* Pl.'s Br. at 16–20 (describing cases).

When Congress codified the "presumption of openness," it was not merely concerned about agency overuse of the deliberative-process privilege. The FOIA itself hardly anticipates, as a textual matter, an agency relying on "self-evident" harms when invoking an exemption or privilege that it does not otherwise overuse or abuse. The logic of cases like *Friends of the River* cannot be squared with the bedrock foreseeable-harm principles set out in key decisions from the D.C. Circuit, including *Reporters Committee for Freedom of the Press v. Federal Bureau of Investigation*, 3 F.4th 350 (D.C. Cir. 2021), and *Machado Amadis v. Department of State*, 971 F.3d 364 (D.C. Cir. 2020). The requirements of these circuit cases often get short shrift outside the context of the deliberative-process privilege, but with little compelling justification.

Three other aspects of *Friends of the River* are worth noting. *First*, CMS suggests Judge Cobb ruled for the Corps even though it "had not provided any 'specific explanations of the foreseeable harm associated with each record.'" Def.'s Not. at 1. Not so. The agency may have failed to "include specific explanations" in its "Vaughn indices," but it did proffer explanations—and arguably more fulsome ones than those submitted in this case—in its supporting "declarations," which the court "considered in context." 2023 WL 4105168 at *8.

*Second*, CMS argues the Corp's prediction that records could be part of discovery in "ongoing and anticipated litigation" against "potentially the same litigants"—thus raising the specter of waiver—was "not essential to Judge Cobb's conclusion." Def.'s Not. at 2.  But that "even more concrete harm" was something Judge Cobb thought worth mentioning. 2023 WL 4105168 at *8. And it is exactly the sort of information an agency ought to address as part of its foreseeable-harm analysis. *See* Pl.'s Br. at 9–11 (discussing OIP Guidance).

*Finally*, Judge Cobb's conclusion that the Corp's "statements [were] more concrete than those that passed muster in *Reporters Committee*" arguably ignores the latter court's consideration of *inadequate* explanations of foreseeable harm. *See Reporters Comm.*, 567 F. Supp. 3d at 124–25 ("agency must still provide a non-generalized explanation"); Pl.'s Br. at 20 ("The proper reading of *Reporters Committee II* becomes apparent after turning the court's consideration of foreseeable harm and the attorney-client privilege as applied to another category of records that CMS does not mention in its brief[.]").

The Court should not consider *Friends of the River* to be persuasive authority.

Dated: August 8, 2023

Respectfully submitted,

*/s/ Ryan P. Mulvey*
Ryan P. Mulvey
D.C. Bar No. 1024362
Eric R. Bolinder
D.C. Bar No. 1028335

AMERICANS FOR PROSPERITY FOUNDATION
1310 N. Courthouse Road, Suite 700
Arlington, VA 22201
Telephone: (571) 444-2841
rmulvey@afphq.org
ebolinder@afphq.org

*Counsel for Plaintiff*