UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>     *Plaintiff*,<br><br>  v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>     *Defendant*. | Civil Action No. 21-2021 (CJN) |

## NOTICE OF LODGING

  Pursuant to this Court's directive at the August 9, 2023 motions hearing, Min. Entry (Aug. 9, 2023), Defendant Centers for Medicare and Medicaid Services, by and through the undersigned counsel, respectfully notifies the Court that it has filed an *in camera*, *ex prate* declaration providing additional explanation for why disclosing the withheld materials foreseeably would harm interests the attorney-client privilege protects. Under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, "the receipt of *in camera* affidavits is [,] when necessary, part of a trial judge's procedural arsenal." *Arieff v. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983) (internal quotation marks omitted). As the D.C. Circuit explained, "the officials of our Executive Branch itself[ ] will hardly have the assurance which it is the purpose of the FOIA exemptions to provide if hostile counsel and experts can ordinarily obtain access to assertedly exempt information." *Id.* at 1470.

  Accordingly, "a district court may receive an *ex parte* affidavit if and only if (1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted." *Perioperative Servs. & Logistics, LLC v.*

*Dep't of Veterans Affs.*, 57 F.4th 1061, 1065 (D.C. Cir. 2023) (internal quotation marks omitted).[1] As the declaration itself makes clear, both these conditions obtain here. To the extent this Court concludes that the arguments Defendant has offered on the public record do not suffice to show that it has satisfied the foreseeable harm standard, Defendant cannot explain why its withholdings meet that standard without furnishing additional information that cannot be provided publicly without revealing exempt or privileged information. The records themselves are unlikely to make clear on their face why their release foreseeably would harm interests that the attorney-client privilege protects, as understanding the harm that their own disclosure would cause requires additional contextual information beyond the four corners of these materials themselves, as the declaration makes clear. Finally, as the declaration also makes clear, Defendant cannot reveal the declaration's contents without "disclosing the very material sought to be kept secret," *Arieff*, 712 F.2d at 1471—i.e., the substance of the attorney-client communications that it seeks to withhold.

Dated: August 23, 2023

Respectfully submitted,

MATTHEW M. GRAVES
D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/
    BRADLEY G. SILVERMAN
    D.C. Bar #1531664
    Assistant United States Attorney
    601 D Street NW
    Washington, DC 20530
    (202) 252-2575
    bradley.silverman@usdoj.gov

*Attorneys for the United States of America*

---

[1] This test, not "the six-factor test first articulated in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980)," governs a district court's decision on whether to review an *ex parte*, *in camera* declaration in a FOIA case. *Perioperative Servs.*, 57 F.4th at 1066.