UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICANS FOR PROSPERITY
FOUNDATION,

   *Plaintiff*,

  v.

CENTERS FOR MEDICARE &
MEDICAID SERVICES,

   *Defendant*.

Civil Action No. 1:21-cv-02021 (CJN)

## MEMORANDUM OPINION

The only remaining question in this FOIA case is whether the government has established that it would suffer harm from the disclosure of materials that Plaintiff concedes are covered by the attorney-client privilege. Following briefing, argument, and the submission of an ex parte declaration, the government has now made that showing. As a result, the Court grants summary judgment for the government and denies Plaintiff's corresponding cross-motion. *See* ECF No. 24, ECF No. 25.

### I. Background

Plaintiff is a "nonprofit organization" that is "currently investigating Medicaid improper payments and [Defendant's] recovery efforts." ECF No. 1 ¶ 6. In 2021, it sued the Center for Medicare and Medicaid Services under the Freedom of Information Act, 5 U.S.C. § 552, to compel the agency to produce "records about CMS's efforts, or lack thereof, to recover Medicaid improper payments" and "records reflecting state-based data on the rates of improper payments and relevant internal CMS correspondence." *Id.*¶ 2. The only remaining dispute in this case concerns three-

1

decade-old materials that contain legal analysis about CMS's ability to take certain actions with respect to state Medicaid disallowance liabilities.  *See* ECF No. 24-1 at 2; ECF No. 25-1 at 1, 3.

The government withheld these materials under FOIA's Exemption 5, which applies to "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency," 5 U.S.C. § 552(b)(5), on the grounds that the materials are protected by the attorney-client privilege, ECF No. 24-3 ¶¶ 8–14.  It also maintains that it is reasonably foreseeable that disclosing the material would harm the interests protected by the attorney-client privilege.  ECF No. 24-1 at 1; *see also* 5 U.S.C. § 552(a)(8)(A)(i) (an agency may not withhold records unless it "reasonably foresees that disclosure would harm an interest protected by an exemption").  Plaintiff agrees that the materials are privileged but argues that the government cannot show reasonably foreseeable harm from the disclosure of three-decade-old materials. ECF No. 25-1 at 1.  Accordingly, the Parties filed cross-motions for summary judgment on the issue of reasonable foreseeability.  ECF No. 24; ECF No. 25.

The Court held a hearing on the motions, at which it concluded that it needed more information to properly evaluate the government's assertion of foreseeable harm.  *See* Tr. at 48:2–7.  Accordingly, it instructed the government to provide additional information to support its assertions.  *Id*. at 48:8–50:4.  Importantly, the Court explicitly gave the government the option to submit an ex parte declaration, *id*. at 48:15–49:3—in part because the Court was concerned that the harms the government foresaw from disclosure might not be apparent from the face of the documents themselves.  *See id*. at 51:4–52:14.  The government then filed an ex parte declaration, ECF No. 37, which Plaintiff has moved to exclude from the record, ECF No. 40.

## II. Legal Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Cabezas v. Fed. Bureau of Prisons*, No. 1:20-cv-2484 (CJN), 2023 WL 6312349, at *1 (D.D.C. Sept. 28, 2023) (quotation omitted). "An agency may attempt to meet its summary judgment burden through a declaration or an affidavit, but conclusory declarations or affidavits that merely recite statutory standards or are overly vague or sweeping will not suffice." *Id*. (quotation omitted). "The Court considers cross-motions for summary judgment on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." *Doe v. District of Columbia*, No. 1:19-cv-1173 (CJN), 2023 WL 3558038, at *5 (D.D.C. Feb. 14, 2023) (quotation omitted). "In doing so, the Court views the evidence in the light most favorable to the nonmoving party" and "draws all reasonable inferences in that party's favor." *Id*. (quotation omitted and alterations adopted).

In FOIA cases, "the receipt of in camera affidavits is, when necessary, part of a trial judge's procedural arsenal." *Perioperative Servs. & Logistics, LLC v. U.S. Dep't of Veterans Affs.*, 57 F.4th 1061, 1064 (D.C. Cir. 2023) (quoting *Arieff v. Dep't of the Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983)) (alteration adopted). That is because

> FOIA cases as a class present an unusual dilemma: "the government knows the contents of the withheld records while the plaintiff does not; and the courts have been charged with the responsibility of deciding the dispute without altering that unequal condition, since that would involve disclosing the very material sought to be kept secret."

*Id*. at 1065 (quoting *Arieff*, 712 F.2d at 1471) (alterations adopted). Still, because ex parte affidavits are "at odds with the strong presumption in favor of public access to judicial

3

proceedings" and "deprive the Court of the benefit[s]" of the adversarial process, their use is limited. *Shapiro v. U.S. Dep't of Just.*, 239 F. Supp. 3d 100, 110–11 (D.D.C. 2017) (quotations omitted). A district court may rely on "an ex parte affidavit if and only if '(1) the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves, and (2) public disclosure of that information would compromise the secrecy asserted.'" *Perioperative*, 57 F.4th at 1065 (quoting *Arieff*, 712 F.2d at 1471). Further, "when a district court uses [such an] affidavit, it must both make its reasons for doing so clear and make as much as possible of the in camera submission available to the opposing party." *Id. at* 1067 (quoting *Armstrong v. Executive Off. of the President*, 97 F.3d 575, 580 (D.C. Cir. 1996)).

### III.   Analysis

The Court first addresses Plaintiff's Motion to Exclude. ECF No. 40. Contrary to Plaintiff's assertions, *id*. at 4–7, all of *Perioperative*'s requirements for relying on an ex parte declaration have been met here. First, "the validity of the government's assertion of exemption cannot be evaluated without information beyond that contained in the public affidavits and in the records themselves." *Perioperative*, 57 F.4th at 1065 (quoting *Arieff*, 712 F.2d at 1471). As the Court explained at the August 9, 2023 hearing, the public record did not permit it to properly evaluate the government's invocation of Exemption 5. *See* Tr. at 48:2–7. The Court also could not have properly evaluated the foreseeability of harm from the documents themselves. The declaration provides critical context linking the materials at issue here to present-day concerns in a way that would not have been apparent from reading the documents themselves—just as the Court predicted at the hearing. *See id*. at 51:4–52:14. Second, "public disclosure of that information would compromise the secrecy asserted" because the declaration needed to disclose

4

the content of the materials themselves to properly articulate foreseeable harm. *Perioperative*, 57 F.4th at 1065 (quoting *Arieff*, 712 F.2d at 1471).

The Court has also satisfied what the Plaintiff describes as the "procedural[]" requirements for relying on the ex parte declaration. ECF No. 40 at 6. The Court has explained its "reasons" for accepting the ex parte declaration to the greatest extent possible given the confidential nature of the information. *Perioperative*, 57 F.4th at 1067 (quoting *Armstrong*, 97 F.3d at 580). The Court will also make sure that "as much as possible of the in camera submission" is "available to the opposing party." *Perioperative*, 57 F.4th at 1067 (quoting *Armstrong*, 97 F.3d at 580). The new information in the declaration that is material to the Court's decision is confidential, and any other information in the declaration is either confidential as well or already public. In an abundance of caution, however, the Court will order the government to file a version of the declaration on the public docket with only confidential information redacted. Finally, although Plaintiff insists that the Court must inspect the records themselves before concluding that *Perioperative*'s requirements are met, *see* ECF No. 40 at 7; ECF No. 42 at 2–3, the cases it cites do not impose any such requirement, *see Perioperative*, 57 F.4th at 1067; *Lykins v. U.S. Dep't of Just.*, 725 F.2d 1455, 1465 (D.C. Cir. 1984); *Ray v. Turner*, 587 F.2d 1187, 1211 n.43 (D.C. Cir. 1978).[1] The Court will therefore rely on the declaration.

Turning to the cross-motions for summary judgment, ECF No. 24, ECF No. 25, the Parties dedicate much of their briefs to litigating the proper standard for evaluating an agency's attempt

---

[1] Plaintiff argues for the first time in reply that the entire affidavit should be unsealed because the government did not file a motion for leave to file it under seal. ECF No. 42 at 1–3. This argument has been forfeited because Plaintiff raised it for the first time in reply. *Benton v. Laborers' Joint Training Fund*, 121 F. Supp. 3d 41, 51 (D.D.C. 2015). Plaintiff's passing reference to the government's ostensible failure to seek leave to file the affidavit under seal, *see* ECF No. 40 at 4 ("Setting aside [the government's] failure to seek leave to file an *ex parte* declaration, . . . ."), was not enough to preserve the argument, *Trump v. Thompson*, 20 F.4th 10, 46 (D.C. Cir. 2021).

to demonstrate reasonable foreseeability in the context of the attorney-client privilege.  The government maintains that the agency's burden is "low" in this context because the foreseeability of harm from disclosing material protected by the attorney-client privilege is "self-evident." ECF No. 24-1 at 5.  In contrast, Plaintiff insists that an agency cannot merely invoke the privilege and must instead offer concrete and precise reasons that show the foreseeability of harm.  ECF No. 25-1 at 5–8 (citing *Reps. Comm. for Freedom of the Press v. FBI*, 3 F.4th 350 (D.C. Cir. 2021)).

The Court need not resolve this question because the government has shown reasonably foreseeable harm even under Plaintiff's standard.  Assuming the formulation used by the Court of Appeals in the context of the deliberative process privilege applies here, an agency must "concretely explain how disclosure 'would'—not 'could'—adversely" impact the interests protected by the attorney-client privilege.  *See Reps. Comm.*, 3 F.4th at 369–70 (quoting *Machado Amadis v. U.S. Dep't of State*, 971 F.3d 364, 371 (D.C. Cir. 2020)).  That requires "a focused and concrete demonstration of why disclosure of the particular type of material at issue will, in the specific context of the agency action at issue, actually impede" the interests protected by the privilege.  *Id.* at 370.

The government has met that burden here based on its ex parte declaration.  ECF No. 37.  The confidential nature of the material permits the Court to explain why only at a high level of generality.  But the declaration does more that simply "mouth[] the generic rationale for the . . . privilege itself."  *Reps. Comm.*, 3 F.4th at 370.  Rather, it articulates "the particular sensitivity of the types of information at issue" here.  *Id.* at 372.  And by providing important context that links the sensitive contents of older materials to reasonably foreseeable present-day harms, it demonstrates "the precise damage . . . that would result from their release."  *Id*. at 371.  The Court

cannot say more on the public record, however, without disclosing the very information the government seeks to protect.

## IV.     Conclusion

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Cross-Motion for Summary Judgment is **DENIED**, and Plaintiff's Motion to Exclude the Ex Parte Sealed Declaration is **DENIED**.  An order will issue contemporaneously with this opinion.

DATE:  February 13, 2024

CARL J. NICHOLS
United States District Judge