UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICANS FOR PROSPERITY FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>CENTERS FOR MEDICARE AND MEDICAID SERVICES,<br><br>Defendant. | Civil Action No. 21-2021 |

## SECOND SUPPLEMENTAL DECLARATION OF HUGH GILMORE

I, Hugh Gilmore, declare as follows:

1.      I am the Director of the Freedom of Information Group ("FOIA Group"), Office of Strategic Operations and Regulatory Affairs, Centers for Medicare & Medicaid Services ("CMS"), U.S. Department of Health and Human Services ("HHS").  In this capacity, I am the Freedom of Information Officer for CMS.  I make this second supplemental declaration based upon my personal knowledge and information available to me in my official capacity.  I have reviewed all documents at issue in the above-captioned litigation.

2.      The purpose of this second supplemental declaration is to provide further information concerning CMS' withholding of information under FOIA Exemption (b)(5)[1] from the document identified as Bates stamped pages CMS MAR 00475-00480, and described as a September 18, 1990, Memorandum from the Office of the General Counsel ("OGC") to the Director, Office of Medicaid Management regarding CMS' requested review and clearance of

---

[1] 5 U.S.C. § 552(b)(5).

the Revised State Findings on Fiscal Year 1982 Disallowances, to include a draft memorandum

which is the subject of the clearance.

     3.     The contents of this document consist of a request by the agency for legal review

of a ███████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████  This document consists of 7

pages, of which 3 pages are partially withheld and 2 pages are withheld in full, as attorney-client

privileged information under FOIA Exemption (b)(5) [2].

     4.     Pages CMS MAR 00478-00479 are partially redacted to withhold the contents of

a memorandum for ████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

---

[2] 5 U.S.C. § 552(b)(5).

the timelines for submission.  Attached to this memorandum is a letter, pages CMS MAR

004780-004781, which CMS intended to be used as a model letter to the states which were

identified as disallowance liable.  The purpose of the letter was to inform these states of the

option to avoid disallowance liability for 1982 calculations if they were found liable in 1981 by

the DAB.  The letter offers alternatives on how and what methods to revise the calculations.

5.      Page CMS MAR 00475 is a memorandum from the OGC, which informs CMS

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████

6.      A portion of Plaintiff's FOIA request sought "all records" that were related to

certain CMS recovery efforts for improper payments.  The document at issue here was located

within ████████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████

7.      As the withheld materials demonstrate, ████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ However, as the materials show,

██████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

8.      As I previously stated in my Declaration dated November 14, 2022, and my
Supplemental Declaration dated January 13, 2023, CMS considers the withheld material to be
confidential communications between the OGC agency attorneys and CMS related to legal
matters for which CMS sought professional legal assistance and services, to include opinions
given by the OGC regarding the subject matter.  The withheld materials consist of
communication that concerns the basis CMS' legal authority to take certain actions, and the
underlying memorandum as to which CMS sought legal advice.

9.      More specifically, the records at issue concern legal advice provided by the OGC,

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████

10.     Because CMS continues to develop methods to improve the accuracy of the improper payments program, it is reasonably foreseeable that CMS will continue to seek legal advice from OGC on whether certain contemplated CMS courses of action in this area are legally permissible. CMS's willingness to solicit such legal advice, and OGC's willingness to provide such advice, would be chilled if CMS officials and OGC attorneys knew that such information may be made public.

11.     Release of the materials at issue also would ████████████████████████████ ████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████



12.     Finally, the risk of chilling attorney-client communications is particularly high

I declare under penalty of perjury that the foregoing is true and correct, to the best of my

information and belief, 28 U.S.C. § 1746.  Executed this 22nd day of August 2023.

Hugh P. Gilmore -S
Digitally signed by Hugh P.
Gilmore -S
Date: 2023.08.22 14:12:12 -04'00'

Hugh Gilmore